

FILED
JOHN P. HEHMAN
CLERK

2013 MAR 29 AM 9:46

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE W.W. WILLIAMS COMPANY<br>835 W. Goodale Blvd.<br>Columbus, OH 43212,<br><br>      Plaintiff,<br><br>      v.<br><br>DOMAINS BY PROXY, LLC<br>14747 N. Northsight Blvd., Suite 111, PMB 309<br>Scottsdale, AZ 85260<br><br>and<br><br>JOHN DOES 1-10.<br><br>      Defendants. | Case No.<br><br>2:13CV0298<br><br>Judge:<br><br>JUDGE WATSON<br><br>MAGISTRATE JUDGE DEAVERS |

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, CYBER SQUATTING AND FRAUD

Plaintiff The W.W. Williams Company, by and through undersigned counsel, for its Verified Complaint against Defendants Domains By Proxy LLC and John Does 1-10 (hereinafter collectively referred to as "Defendants"), states as follows:

1.    This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, false designation of origin and passing off under 15 U.S.C. § 1125(a), cybersquatting under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A), and common law fraud arising from Defendants' unauthorized use of the domain name wwwiliamsinc.com and the W.W. Williams Marks to fraudulently obtain merchandise.

## Parties

2.      Plaintiff The W.W. Williams Company ("W.W. Williams") is an Ohio corporation with a principal place of business at 835 W. Goodale Avenue, Columbus, Ohio 43212. For 100 years, W.W. Williams has been a family-owned business engaged in the sales and service of diesel engines, refrigeration units, power generation equipment and parts distribution. The W.W. Williams name and website, wwwilliams.com, are well known among consumers of industrial products.

3.      Upon information and belief, Defendant Domains by Proxy, LLC became the registrant of the domain wwwilliamsinc.com (the "Disputed Domain") on or about March 5, 2013.  Domains by Proxy LLC is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

4.      Plaintiff does not know the true names or legal capacities of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this District is proper inasmuch as Plaintiff's cause of action arose and Plaintiff is being injured within this judicial district, and because Defendants have purposely availed themselves of the privilege of doing business in this forum.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2).

2

4724933v1

**Facts**
**The W.W. Williams Company Trademarks**

6.      Established in 1912, The W.W. Williams Company ("W.W. Williams") is an iconic Columbus company which services trucking companies, the U.S. military, hospitals, data centers and state and local government.

7.      For 100 years W.W. Williams has been family owned and based in Columbus, Ohio. W.W. Williams was founded by William Wallace Williams, Sr. when automobiles were new and untested inventions and the roads in Ohio were quite primitive. After 100 years, W.W. Williams still provides services to truckers whose vehicles break down on the roads throughout the United States. Additionally, W.W. Williams sells and services diesel engines and transmissions, plus refrigeration units that trucking companies use to transport food and other items that need to be kept cold. The company also sells and services power-generation equipment, including the generators that provide the backup power for The Ohio State University's Arthur G. James Cancer Hospital.

8.      W.W. Williams and its 1,000 employees are well known to the trucking companies, military, hospitals, data centers and governments that make up their customer base. W.W. Williams maintains, repairs and provides parts for their trucks, buses, fire trucks, power generators and other equipment. Since 1924, W.W. Williams' headquarters has been at 835 Goodale Blvd.

9.      W.W. Williams operates 36 locations throughout North America providing service to trucking companies, refrigeration units, generators, military vehicles and supplying parts. In addition, W.W. Williams operates a distribution operation in Akron, Ohio that sells

4724933v1

parts for equipment that is no longer being manufactured. The company acquires inventory and if the equipment company no longer has parts, W.W. Williams can have parts made.

10.    In connection with the activities and services described in the preceding paragraphs, W.W. Williams is the owner of, among others, the following federally registered trademarks:

    a.   W.W. WILLIAMS - Registration Number 2,816,546, registered on February 24, 2004 for Retail store outlet and distributorship services featuring engines and transmissions for motorized vehicles, machines and equipment, namely trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency equipment, buses and coaches; retail outlet and distributorship services featuring diesel-powered refrigeration units for vehicles and trailers; retail outlet and distributor services featuring repair parts for engines and transmission which are manufactured under license or by permission of the original manufacturer; maintaining and repairing engines and transmissions for motorized vehicles, machines and equipment, namely, trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency mechanical equipment, buses and coaches; maintaining and repairing refrigeration units for vehicles and trailers;

    b.   **W.W.Williams** – Registration Number 2,794,417, registered on December 16, 2003 for Retail store outlet and distributorship services featuring engines and transmissions for motorized vehicles, machines and equipment, namely trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency equipment, buses and coaches; retail outlet and distributorship services featuring diesel-powered refrigeration units for vehicles and trailers; retail outlet and distributor services featuring repair parts for engines and transmission which are manufactured under license or by permission of the original manufacturer; maintaining and repairing engines and transmissions for motorized vehicles, machines and equipment, namely, trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency mechanical equipment, buses and coaches; maintaining and repairing refrigeration units for vehicles and trailers;

4



c.            - Registration No. 1,166,781, registered on August 25, 1981 for leasing, maintaining and repairing heavy construction, industrial and mining equipment and machines;

d.            - Registration No. 2,773,047, registered on October 14, 2003 for transmission for motorized non-land vehicles and machines, namely, construction equipment cranes, bulldozers graders, earth movers, and steam shovels; marine applications, namely, boats, ships and ferries; military applications, namely, armored personnel carriers; electric power generators, fire pumps, and structural parts therefore; : Retail store outlet and distributorship services featuring engines and transmissions for motorized vehicles, machines and equipment, namely trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency equipment, buses and coaches; retail outlet and distributorship services featuring diesel-powered refrigeration units for vehicles and trailers; retail outlet and distributorship services featuring repair parts for engines and transmission which are manufactured under license or by permission of the original manufacturer; Maintaining and repairing engines and transmissions for motorized vehicles, machines and equipment, namely, trucks, construction equipment, marine vehicles and military mechanical weapons, power generating equipment, fire pumps, emergency mechanical equipment, buses and coaches; maintaining and repairing refrigeration units for vehicles and trailers.

(All of the above, including the common law rights therein, are collectively referred to as the "W.W. Williams Marks".)

11.       Copies of the certificates of registration for each of these trademarks are attached to this complaint as Exhibits A through D, respectively.

12.       The certificates of registration identified in the preceding paragraph are valid and subsisting, and W.W. Williams has record title in the trademarks described above.

5

13.     The certificates of registration are prima facie evidence of the validity of the registered trademarks, W.W. Williams' ownership of the registered trademarks, and W.W. Williams' exclusive right to use the registered trademarks in connection with the goods and services specified in the certificates of registration enumerated above. The registered marks are incontestable, which provides conclusive evidence of their validity under 15 U.S.C. § 1115(b), and constructive notice of the registrant's claim of ownership under 15 U.S.C. § 1072.

14.     In addition, W.W. Williams has owned the domain name "wwwilliams.com" since May 29, 1997 and operates its website at   www.wwwilliams.com, offering the various W.W. Williams services.

**Defendants' Fraudulent and Infringing Use of the W.W. Williams Marks**

15.     Defendant Domains by Proxy is a for profit corporation that offers privacy services to domain name registrants.

16.     When a domain registrant engages Defendant's privacy services, the registrant transfers his or her domain name to Defendant, so that Defendant actually becomes the registrant of the domain name.  Defendant agrees to become and serve as the registrant of the domain name, making only Defendant's contact information available to the public.  As the registrant of the domain name, Defendant becomes legally responsible for the domain name and arranges for the administration of the domain name, including renewing the domain name with the relevant domain name registrar.  While Defendant is the legal registrant of the domain name, Defendant's customer remains a beneficiary of the domain name. Domains by Proxy is no stranger to litigation regarding its business model of hiding the names of the actual registrants. The

6

following is but a partial list of Uniform Domain Name Dispute Resolution Procedure decisions

that ordered a turnover of cybersquatted domains registered in the name of Domains by Proxy.:

| | | | | | |
|---|---|---|---|---|---|
| | D2013-0139 | rownthomas.mobi | Brown Thomas Group Limited v Domains By Proxy, LLC | Transferred | 11-03-2013 |
| | D2013-0034 | irginapps.com | Virgin Enterprises Limited v Domains By Proxy, LLC / Rodney Dunlap | Transferred | 05-03-2013 |
| | D2013-0081 | eeklego.com | Lego Juris A/S v Domains By Proxy, LLC; Russell Grodack | Transferred | 04-03-2013 |
| | D2012-2548 | jtjtj.com | Kijiji International Ltd v Domains By Proxy, LLC / Amedeo D'amato | Transferred | 03-03-2013 |
| | D2012-2523 | xagroup.biz | AXA SA v Domains by Proxy, LLC / Axagroup | Transferred | 27-02-2013 |
| | D2012-2538 | eluxblind.com veluxconversion.com veluxloft.com | VKR Holding A/S v Lofts Direct Ltd / Domains by Proxy, LLC | Transferred | 26-02-2013 |
| | D2013-0109 | lashlego.com | LEGO Juris A/S v Domains By Proxy, LLC/ Hu Xiaoping | Transferred | 22-02-2013 |

7

| | D2012-2546 | inder-chocolate.com | Ferrero S.p.A. v Domains By Proxy, LLC; Vladimir Natchev Vladimir Natchev | Transferred | 19-02-2013 |
|---|---|---|---|---|---|
| | D2012-2427 | uperbahisbonus.com superbahisbonus.net superbahiscasino.net superbahiscom.com superbahisgiris.net superbahisler.org superbahisoyunlari.com superbahispoker.net superbahistekazan.com superbahisturkce.com superbahisuye.com | Corvee Limited East Pioneer Corporation B.V. v International Domains Holdings Limited, Domains By Proxy, LLC/ Webpals International Domains Holdings Limited, Domains By Proxy, LLC/ Webpals | Transferred | 12-02-2013 |
| | D2012-2427 | uperbahisbonus.com superbahisbonus.net superbahiscasino.net superbahiscom.com superbahisgiris.net superbahisler.org superbahisoyunlari.com superbahispoker.net superbahistekazan.com superbahisturkce.com superbahisuye.com | Corvee Limited East Pioneer Corporation B.V. v International Domains Holdings Limited, Domains By Proxy, LLC/ Webpals International Domains Holdings Limited, Domains By Proxy, LLC/ Webpals | Transferred | 12-02-2013 |
| | D2012-2486 | rmartensusa.org | "Dr. Maertens" Marketing GmbH "Dr. Martens" International | Transferred | 31-01-2013 |

8

| | | | | | |
|---|---|---|---|---|---|
| | | | Trading GmbH v Domains By Proxy LLC/ deborah Jordan | | |
| III | 1247242 | exxonbillpay.com | Exxon Mobil Corporation v Domains By Proxy - NA Proxy Account c/o Niche Domain Proxy Manager | Transferred | 22-May-2009 |
| III | 1226461 | aaa-automotivewarrantydeals.com, aaa-travel-international.biz, aaa-travel-international.info, aaaamobilefleetservice.com, aaaautopartslocators.com, aaabizcredit.com, aaaccuratecredit.com, aaacetravel.com, aaacetravel.info, aaacetravel.net, aaaclassicstrippers.com, aaacorporatetravelsolutions.com, aaacorporatetravelsolutions.net, aaacorporatetravelsolutions.org, aaacredit4u.com, aaacreditforyou.com, aaadiscountss.com, aaadiscountss.net, aaaexchangenetwork.com, aaafinancialfreedom.com, aaafreetravel.com, aaaluxurytravel.com, aaanationalfinance.com, aaanationalfinancesolutions.com, aaapenguintravel.com, aaapremiercreditrepair.biz, aaapremiercreditrepair.org, aaaprovedautorepair.com, aaarecoveryservices.com, aaareferraltraveltours.net, aaatourguide.com, aaatourguide.net, aaatourguides.com, aaatourguides.net, aaatourvideos.com, aaatourvideos.net, aaatransferservices.com, aaatravelfare.com, aaatravelguide.net, aaatravelguides.com, aaatravelguides.net, aaatravelperks.net, aaatravelsmooth.com, aaatravelvideos.net, aaavinsurance.com, | The American Automobile Association, Inc. v Domains By Proxy, Inc., by itself and as proxy for its customers | Split Decision | 30-Jan-2009 |

| | | | | | |
|---|---|---|---|---|---|
| | | aaawebservices.net, onlinetriplea.com, triple-a-agency.com, triple-a-tracker.com, tripleaatm.com, tripleaclassicdancers.com, tripleaclassicgirls.com, tripleaclassicstrippers.com, tripleamagazine.com, tripleamexico.com, tripleamexico.net, tripleaids.com, tripleastrippers.com, tripleatracker.com, wwwaaa-warranty.com, wwwaaawarranty.com | | | |
| III | 1232485 | freelifegojinews.com | Freelife International Holdings, LLC v Domains by Proxy, Inc. | Transferred | 30-Jan-2009 |
| III | 1145651 | bayloralumniliving.com, baylorcrave.com, baylorflorist.com, baylorfriscoivf.com, baylorhospital.mobi, baylorhospitals.mobi, baylorkehoe.com, baylorlocators.com, baylorsalsa.com, baylorsportstalk.com, baylorsportstalk.net, baylorstudentliving.com | Baylor University v Domains by Proxy, Inc. aka Mark Felton aka Thomas Bassett aka William Bunn aka Fertility Specialists of Dallas aka Becky Chatham aka Amanda Scott aka Nathan Flaga aka Lisa Payne aka Victor Weir III | Transferred | 26-May-2008 |

The list of cases in U.S. District Court where Domains by Proxy has been sued is equally impressive. See, e.g., McMann v. Doe, 460 F. Supp. 2d 259 - Dist. Court, D. Massachusetts, 2006; Righthaven LLC v. Domains By Proxy, Inc., No. 2: 10-CV-00864-LRH-RJJ (D. Nev. Sept. 9, 2010); Royal Indian Raj International Corporation v. Domains By Proxy, Inc., No. 08 Civ. 3445 (JGK) (S.D.N.Y. Jan. 7, 2012); Pfizer Inc. v. Domains By Proxy, Civil Action No. 3:

4724933v1

04CV741 (SRU) (D. Conn. July 13, 2004); <u>Academy of Motion Picture Arts and Sciences v.</u> <u>GoDaddy.com, Inc.</u>, No. C 12-80192 EJD (PSG) (N.D. Cal. Oct. 19, 2012).

17. On or about March 5, 2013 a currently unknown party (hereinafter, the "Doe Defendant(s)") transferred the domain wwwilliamsinc.com to the Defendant, and the Defendant became the registrant of the wwwilliamsinc.com domain.

18. The Doe Defendant(s) immediately set up a scheme to defraud both Plaintiff and unknowing companies by seeking price quotes and placing orders for products under the name W.W. Williams. Upon information and belief, the scheme operated as follows: a) the Doe Defendant(s) would establish customer accounts and credit terms with suppliers posing as W.W. Williams; b) the suppliers would ship the merchandise to the address provided by the Doe Defendant(s); c) the Doe Defendant(s) would not pay for the merchandise; and d) the suppliers, believing that the orders had been placed by W.W. Williams would then seek payment for the merchandise from W.W. Williams.

19. On March 13, 2013, a person identifying himself as "Carter Monte, Purchasing Manager, W.W. Williams" sent a request for prices on certain Multigas detectors to Stauffer Glove and Safety of Red Hill, Pennsylvania. The contact information in the request listed the email address <u>cmonte@wwwilliamsinc.com</u>. See email attached as Exhibit E. W.W. Williams does not employ anybody named Carter Monte.

20. On March 20, 2013, a person identifying herself as "Maude Bechard, Account (sic) Payable, W.W. Williams" submitted via email a completed credit application form and "WWWilliams Company Credit Profile" to Idville, a company specializing in customized employee recognition gifts. The Doe Defendant(s) were seeking a $54,000 line of credit from Idville under the name of Jesus Bones or Maude Bechard. The credit information submitted to

11

Idville contained actual W. W. Williams bank account information and credit references, and the "WWWilliams Company Credit Profile" was a copy of actual credit information on W.W. Williams letterhead, displayed the W.W. Williams logo, and listed W.W. Williams' address on West Goodale Boulevard in Columbus, Ohio. See email and attachments attached hereto as Exhibit F. W.W. Williams does not employ anybody named Jesus Bones or Maude Bechard.

21. On March 14, 2013 a person identifying himself as "Jesus Bones, Purchasing Manager, W.W. Williams" submitted via email a purchase order to SpringTree Media Group of Franklin, Tennessee seeking shipment of 106 Shure audio products, totaling $21,094.00. The Purchase Order was on a W.W. Williams form, which displayed the W.W. Williams name and logo, and listed W.W. Williams' address on West Goodale Boulevard in Columbus, Ohio. However, the "authorized signature" on the Purchase Order was "Maude Bechard, Accounts Payable" and the email contact information was listed as ap@wwwilliamsinc.com. The "Ship To" address was to "Attn: Raul Mendez, W.W. Williams, 204 montana azul., Anthony new mexico 88021 Tel: (866)545-0851." See email and Purchase Order attached hereto as Exhibit G. W.W. Williams does not operate a facility at that address, and does not employ anyone named Raul Mendez.

22. On March 25, 2013, a person identifying himself as "Carter Monte, Purchasing Manager, W.W. Williams" submitted via email a purchase order to 24 Hr. Safety of Deer Park, Texas seeking shipment of various pieces of equipment, totaling $42,454.76. The Purchase Order was on a W.W. Williams form, which displayed the W.W. Williams name and logo, and listed W.W. Williams' address on West Goodale Boulevard in Columbus, Ohio. However, the "authorized signature" on the Purchase Order was "Maude Bechard, Accounts Payable" and the email contact information was listed as ap@wwwilliamsinc.com. The "Ship To" address was to

4724933v1

"Attn: Malissa Preston, W.W. Williams, 3149 Clarabelle Street, Columbus, GA  31903 Tel: (866)545-0851."  See email and Purchase Order attached hereto as Exhibit H.   W.W. Williams does not operate a facility at that address, and does not employ anyone named Malissa Preston.

23.     On March 19, 2013, Counsel for W. W. Williams sent a cease & desist letter to "Maude Bechard" and Domains by Proxy, LLC demanding that Domains by Proxy provide W. W. Williams with contact information for the registrant of the wwwilliamsinc.com domain and that the John Doe Defendants immediately cease using the wwwilliamsinc.com domain and name.  On March 21, 2013, Counsel for W. W. Williams received a response from "H. Fennell, Office of the General Manager, Domains by Proxy, LLC" in which Mr/s. Fennel refused to supply the requested contact information.  See email attached hereto as Exhibit I.  On March 25, 2013, Counsel for W. W. Williams followed up with Mr/s. Fennel, once again seeking contact information.  On Monday, March 25, 2013, "D Preston" of the Office of the General Manager for Domains by Proxy, LLC responded, again refusing to provide the requested information.  See email attached hereto as Exhibit J.

24.     Defendants' use in commerce of the W.W. Williams Marks to attempt to associate the Defendants' business with W.W. Williams is likely to cause confusion, to cause mistake or to deceive members of the public into believing that Plaintiff has sponsored or endorsed Defendants' use of the W.W. Williams Marks.

25.     In addition to misuse and infringement of the W.W. Williams Marks, Defendants have also engaged in passing off in their efforts to deceive the public into thinking that they are acting as, and/or with the authority of W.W. Williams.

26.     Defendant registered the domain name www.wwwilliamsinc.com in 2013, sixteen years after the wwwilliams.com domain was registered, ten years after the W.W. WILLIAMS

13

mark (Registration no. 2794417) was registered, and one hundred years after W.W. Williams began doing business.

27. The Doe Defendant(s) are using the W.W. Williams Marks to defraud unsuspecting suppliers by posing as W.W. Williams and inducing suppliers into shipping them merchandise. The Doe Defendants intend for the suppliers, in reliance on the Doe Defendant's material misrepresentation that they are W.W. Williams, to ship them merchandise that the Doe Defendants will not pay for. The Doe Defendants further intend for the suppliers, who have shipped them merchandise in reliance on the Doe Defendant's material misrepresentation that they are W. W. Williams, to seek payment from W.W. Williams. Accordingly, the Doe Defendants are using the W.W. Williams Marks to defraud the suppliers with the intent of causing injury to the suppliers and to W.W. Williams.

### First Cause Of Action
### Federal Trademark Infringement

28. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 27 of the Complaint.

29. Defendants' aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

30. Plaintiff's federal registrations on the Principal Register for the W.W. Williams Marks are incontestable, which provides conclusive evidence of the validity of the registrations, the Plaintiff's ownership of the W.W. Williams Marks, and of the Plaintiff's exclusive right to use the W.W. Williams Marks in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. §1115(b)).

14

31. Defendants' wrongful use of the W.W. Williams Marks is likely to cause confusion as to sponsorship or authorization by Plaintiff. Defendants' actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

32. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and the strength of the W.W. Williams Marks. Defendants' wrongful use of the W.W. Williams Marks will continue unless enjoined by this Court. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

33. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

34. Plaintiff is entitled to a temporary restraining order, and to preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

## Second Cause of Action
## False Designation of Origin and Passing Off

35. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 34 of the Complaint.

36. Defendants chose to use the W.W. Williams Marks for their fraudulent practices because of the well-known and longstanding reputation of W.W. Williams. Defendants are passing themselves off as W.W. Williams and are falsely leading companies to believe that Defendants' fraudulent practices are associated with, endorsed by, or originate from Plaintiff, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

4724933v1

37.     The foregoing acts and conduct by Defendants constitute false designation of origin and passing off in connection with attempts to procure products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendants registered the domain name wwwwilliamsinc.com for the purpose of posing as W.W. Williams, thereby profiting by their false association with W.W. Williams in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

39.     Defendants' acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation.  The injury to Plaintiff is and continues to be ongoing and irreparable. Defendants' actions will continue unless enjoined by this Court.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

40.     Plaintiff is entitled to a temporary restraining order, and to a preliminary and permanent injunction against all Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

### Third Cause of Action
### Cybersquatting

41.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 40 of the Complaint.

42.     Defendants registered wwwwilliamsinc.com for the purpose of profiting from use of the W.W. Williams Marks.

43.     Defendants use the wwwwilliamsinc.com domain name and the W.W. Williams Marks to deceive companies into thinking they are doing business with W.W. Williams.

16

44.     In 2013 when Defendants registered the domain name wwwilliamsinc.com the W.W. Williams Marks had been used for more than one hundred (100) years.

45.     Because of W.W. Williams' fame and the longstanding registrations of the W.W. Williams Marks, the W.W. Williams Marks were distinctive at the time Defendants registered wwwilliamsinc.com.

46.     Defendants intentionally chose the domain name because of the association of the name W.W. Williams with Plaintiff and its business reputation, in order to further their fraudulent scheme.

47.     The domain name "www.wwwilliamsinc.com" is confusingly similar to and/or conveys a false affiliation with W. W. Williams' official website "www.wwwilliams.com."

48.     Defendants have a bad faith intent to profit from their use of the W.W. Williams Mark in the registering and maintaining of the domain name "www.wwwilliamsinc.com."

49.     Defendants' conduct, as described above, therefore constitutes cyberpiracy of the W.W. Williams Marks in violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d). Such conduct entitles W. W. Williams to a temporary restraining order, and to preliminary and permanent injunctive relief and statutory damages in the amount of up to $100,000 under 15 U.S.C. § 1117.

50.     Pursuant to the provisions of 15 U.S.C. § 1125(d)(1)(C), W.W. Williams is also entitled to the immediate forfeiture of the domain name "www.wwwilliamsinc.com", as well as the transfer of the domain name from Defendants to W. W. Williams.

51.     Upon information and belief, Defendants' conduct has been and continues to be deliberate, willful and wanton, occurring long after the Defendants' prior knowledge of W.

17

W. Williams' exclusive rights in and to the W. W. Williams Marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

52.    The conduct of Defendants has damaged W.W. Williams in an amount that is not now ascertainable but may be proven at trial.

53.    Upon information and belief, Defendants' unlawful conduct will continue to W. W. Williams' detriment unless immediately enjoined.

### Fourth Cause of Action
### Fraud

54.    Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 53 of the Complaint.

55.    Defendants are using the W.W. Williams Marks to materially misrepresent themselves as being W.W. Williams with the intent to defraud unsuspecting suppliers by inducing suppliers into shipping them merchandise that the Doe Defendants will not pay for. The Doe Defendants further intend for the suppliers who have shipped them merchandise in reliance on the Doe Defendants' material misrepresentation that they are W. W. Williams to seek payment from W.W. Williams.  Accordingly, the Doe Defendants are using the W.W. Williams Marks to defraud the suppliers with the intent of causing injury to the suppliers and to W.W. Williams. (See Exhibits G and H.)

56.    Defendants' acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation.  The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

57.    Plaintiff is entitled to a temporary restraining order, and to a preliminary and permanent injunction against all Defendants, as well as all other remedies available including,

4724933v1

but not limited to, compensatory damages; punitive damages; disgorgement of profits; and costs and attorneys' fees.

WHEREFORE, W. W. Williams requests that the Court order:

1. That Defendant Domains by Proxy, LLC immediately provide Plaintiff with complete and accurate contact information regarding the identity of the registrant of the wwwilliamsinc.com domain, including without limitation, contact name(s), addresses, telephone numbers and credit card information;

2. The issuance of a temporary restraining order and preliminary injunction, and thereafter a permanent injunction enjoining Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them who receive actual notice of the court's order by personal service or otherwise from infringing, or falsely designating the origin of the W. W. Williams Marks, from using the W. W. Williams Marks in commerce in any way, and from injuring W. W. Williams's reputation;

3. That Defendants and their agents, servants, employees, successors and assigns, and all others in active concert and participation with them be preliminarily and permanently restrained from using, registering, selling, transferring or assigning any domain name that contains the W. W. Williams Marks.

4. That Defendants be ordered to assign and transfer to W. W. Williams, at Defendants' cost, the domain name "www.wwwilliamsinc.com" and any other domain name currently owned or registered by Defendants that contains any of the W. W. Williams Marks;

5. That Defendants account to W. W. Williams for their profits, the actual damages suffered by W. W. Williams as a result Defendants' acts of infringement, passing off and fraud together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of W. W. Williams' known rights;

6. That Defendants pay to W. W. Williams statutory damages, pursuant to 15 U.S.C. §§ 1117(d) and 1125(d)(1), in the amount of $100,000.00;

7. The issuance of a temporary restraining order and preliminary injunction, and thereafter a permanent injunction enjoining Defendants from using any of the W. W. Williams Marks or names or marks deceptively similar to the W. W. Williams Marks in connection with a website or as metatags, directory names, other computer addresses, invisible data, or otherwise engaging in acts or

19

conduct that would cause confusion as to the source, sponsorship or affiliation of W. W. Williams with Defendants;

8.  That Defendants provide the Court and W. W. Williams with a complete list of all third persons, including, without limitation, retailers, suppliers, distributors, agents, employees or representatives of Defendants, whom Defendants have contacted posing as W. W. Williams;

9.  That this Court issue an order to the telecommunications company that controls the telephone number 866-545-0851 to block use of that number;

10. That this Court issue an Order to Google compelling the disclosure of all contact information for any email account on the domain wwwilliamsinc.com, and copies of all email sent from and received by each such email account;

11. That Defendants pay compensatory and treble damages to W. W. Williams;

12. That Defendants disgorge all profits realized from its infringing and fraudulent use of the W. W. Williams Marks;

13. That Defendants pay W. W. Williams' attorneys' fees, together with the costs of this suit; and

14. All other and further relief as may be just and equitable.


Dated: March 28, 2013                      Respectfully submitted,

                                           Joseph R. Dreitler, Trial Attorney (0012441)
                                           Mary R. True (0046880)
                                           DREITLER TRUE LLC
                                           137 E. State Street, Suite 101
                                           Columbus, OH 43215
                                           E-mail: jdreitler@ustrademarklawyer.com
                                           mtrue@ustrademarklawyer.com
                                           Telephone: (614) 545-6355
                                           Facsimile: (614) 241-2169

                                           *Attorneys for Plaintiff*
                                           *The W.W. Williams Co.*

4724933v1

**VERIFICATION** 

  I am an officer of The W.W. Williams Company. I have reviewed the allegations in the Verified Complaint for Trademark Infringement, Unfair Competition, Passing Off, Cybersquatting and Fraud brought by The W.W. Williams Company against defendants Domains by Proxy and Does 1-10 (the "Verified Complaint"). The allegations in the Verified Complaint are true and accurate to the best of my knowledge.

By: William S. Williams
Title: Chairman & CEO
The W.W. Williams Company